STILLMAN LEGAL PC
42 BROADWAY
12th FLOOR
NEW YORK NY 10004
212-832-1000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
LUCIO SOLANO and DANIEL RAMIREZ,

                               Civil Action No._____

                Plaintiffs,       **ACTION UNDER 29 U.S.C.§ 216(b)**

      -v.-

                                 **COMPLAINT**

LA CABANA PERUANA OF ROCKAWAY BEACH CORP
AND LA CABANA PERUVIAN RESTAURANT CORP, LUZ HERBOZO and
HENRY HUAYLINOS, individually,

                Defendants
--------------------------------------------------------X

      Plaintiffs LUCIO SOLANO and DANIEL RAMIREZ (hereinafter collectively

referred to as "Plaintiffs"), by and through their undersigned counsel, STILLMAN LEGAL

PC, hereby commence this civil action against LA CABANA PERUANA OF ROCKAWAY

BEACH CORP AND LA CABANA PERUVIAN RESTAURANT CORP., LUZ HERBOZO

and HENRY HUAYLINOS, in their individual capacities (collectively, "Defendants"), for

violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New

York Labor Law ("NYLL") § 650 et seq., as amended by the Wage Theft Prevention Act

("WTPA"), NYLL §§ 191 and 195(3), and the related provisions of Title 12 of the New

York Codes, Rules, and Regulations ("NYCRR"), and allege upon information and belief

as follows:

## **NATURE OF THE ACTION**

      1. This Complaint seeks to recover, among other things, unpaid minimum wage

and overtime compensation for the Plaintiffs, former employees of Defendant LA CABANA PERUANA OF ROCKAWAY BEACH CORP. AND LA CABANA PERUVIAN RESTAURANT CORP., a New York Corporation with offices at 168-18 Jamaica Ave, Jamaica, NY 11432 and 91-17 Rockaway Beach Blvd, Rockaway Beach, NY 11693, and its principals, Defendants LUZ HERBOZO and HENRY HUAYLINOS. The Plaintiffs were employed primarily as cooks and food preparers.

2. At all relevant times, pursuant to NYLL § 652 and the applicable wage orders promulgated by the New York State Department of Labor, Defendants were legally obligated to compensate Plaintiffs at no less than the New York State minimum wage rate of $16.00 per hour (hereinafter the "Statutory Minimum Wage"). In willful and knowing violation of NYLL § 652, Defendants systematically underpaid Plaintiffs by compensating them at rates ranging from $13.00 to $15.00 per hour for their regular forty (40) hour workweek, thereby depriving Plaintiffs of their legally mandated minimum wage compensation.

3. At all times relevant hereto, Defendants were required, under relevant New York State law, to compensate the Plaintiffs with overtime pay at one and one-half the regular rate for work in excess of forty (40) hours per work week.

4. However, despite such mandatory pay obligations, Defendants only compensated one of the Plaintiffs at a rate of (I) $15, $14 and $13 per hour and failed to pay the Plaintiffs their lawful overtime pay for that period from September 2023 until April 8, 2025, and January 2020 until April 8, 2025, when they worked well in excess of forty (40) hours per workweek.

5. Defendants' conduct extended beyond the Plaintiffs to all other similarly situated employees; and at all times relevant to this Complaint, Defendants maintain a policy and practice of requiring the Plaintiffs and other employees to work without

providing the minimum and overtime compensation required by federal and state law and regulations.

6. The Plaintiffs also bring this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates in violation of said laws, which directly caused Plaintiffs concrete harm by preventing them from understanding their true rates of pay, verifying their hours worked, and effectively asserting their wage rights. Moreover, at all relevant times, Defendants failed to maintain accurate record keeping as required by the FLSA and the NYLL, further impeding Plaintiffs' ability to pursue their wage claims and causing actual damages.

7. Accordingly, the Plaintiffs now bring this Action on behalf of themselves and those other similarly situated individuals for federal and state claims relating to unpaid minimum wages, failure at recordkeeping, and unpaid overtime wages pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR.

8. In connection therewith, the Plaintiffs seek compensatory damages, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

9. The Plaintiffs further seek certification of this action as an individual action on behalf of themselves, individually pursuant to 29 U.S.C.§ 216(b).

## **JURISDICTION AND VENUE**

10. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

11. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

12. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

13. Venue is proper in the Eastern District of New York, pursuant 28 USC § 1391(b)(c) because Corporate Defendants reside in this District, the Plaintiffs reside in this District, and because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

### Plaintiffs

14. Plaintiff LUCIO SOLANO ("SOLANO") is and was at all times relevant hereto an individual residing in the State of New York.

15. Plaintiff SOLANO was employed by LA CABANA PERUANA OF ROCKAWAY BEACH CORP. AND LA CABANA PERUVIAN RESTAURANT CORP. at its offices at 168-18 Jamaica Ave, Jamaica, NY 11432, from approximately September 2023 until April 8, 2025, where his primary work duty was as a cook.

16. At all relevant times, Plaintiff SOLANO was a covered employee within the meaning of the FLSA and the NYLL.

17. Plaintiff consents to be named a party herein, pursuant to 29 USC § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

18. Plaintiff DANIEL RAMIREZ ("RAMIREZ") is and was at all times relevant hereto an individual residing in the State of New York.

19. Plaintiff RAMIREZ was employed by LA CABANA PERUANA OF ROCKAWAY BEACH CORP. AND LA CABANA PERUVIAN RESTAURANT CORP., at its offices at 168-18 Jamaica Ave, Jamaica, NY 11432, from approximately January 2020 until April 8, 2025, where his primary work duty was as a cook and a preparer.

20. At all relevant times, Plaintiff RAMIREZ was a covered employee within the meaning of the FLSA and the NYLL.

21. Plaintiff consents to being named a party herein, pursuant to 29 USC § 216(b), and to bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

**<u>Defendants</u>**

22. Defendant LA CABANA PERUANA OF ROCKAWAY BEACH CORP. AND LA CABANA PERUVIAN RESTAURANT CORP. is, upon information and belief, a duly organized New York Corporation with its principal place of business located at 168-18 Jamaica Ave, Jamaica, NY 11432 and 91-17 Rockaway Beach Blvd, Rockaway Beach, NY 11693.

23. Upon information and belief, Defendant LA CABANA PERUANA OF ROCKAWAY BEACH CORP. AND LA CABANA PERUVIAN RESTAURANT CORP. is engaged in interstate commerce, in that it relies heavily on products that have been transported across state lines, and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for 2025, and were directly engaged in interstate commerce.

24. Upon information and belief, Defendants LUZ HERBOZO and HENRY HUAYLINOS are the President, Chief Executive Officer, manager, principal, or agent of Defendant LA CABANA PERUANA OF ROCKAWAY BEACH CORP. AND LA CABANA PERUVIAN RESTAURANT CORP..

25. Upon information and belief, at all times relevant to the claims herein, Defendants LUZ HERBOZO and HENRY HUAYLINOS exercised operational control over Defendant LA CABANA PERUANA OF ROCKAWAY BEACH CORP. AND LA CABANA PERUVIAN RESTAURANT CORP. through their ownership interests and control of

significant corporate functions. Specifically, Defendants LUZ HERBOZO and HENRY HUAYLINOS:

(i) were known and referred to as "Boss" by the Plaintiffs and other similarly situated employees;

(ii) determined employee wages and compensation;

(iii) established work schedules and workload;

(iv) maintained employee records;

(v) administered payroll; and

(vi) possessed and exercised hiring and termination authority.

26. Defendants LUZ HERBOZO and HENRY HUAYLINOS acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

<u>COMMON FACTUAL ALLEGATIONS</u>
Defendants Constitute Joint Employers

27. Defendants owned, operated, and maintained operational control over LA CABANA PERUANA OF ROCKAWAY BEACH CORP. AND LA CABANA PERUVIAN RESTAURANT CORP., a corporate entity principally engaged in business in Queens, New York. At all relevant times, Defendants LA CABANA PERUANA OF ROCKAWAY BEACH CORP. AND LA CABANA PERUVIAN RESTAURANT CORP., LUZ HERBOZO, and HENRY HUAYLINOS exercised substantial operational control over the Defendant Corporation, maintained significant ownership interests therein, and exercised direct control over its essential business functions and employment pccesration.

28. As part of their systematic business practices, Defendants knowingly, intentionally, and persistently violated the rights of Plaintiffs LUCIO SOLANO and DANIEL RAMIREZ, as well as other similarly situated employees, by implementing and

maintaingin a pattern and practice of willful FLSA violations. This pattern and/or policy includes, inter alia, the following:

    a. failing to pay employees the applicable minimum rate for work performed for the first forty (40) hours per week;

    b. failing to pay employees the applicable overtime rate (one and one-half the rate of regular pay) for work performed in excess of forty (40) hours per week

    c. failing to provide statutorily required wage and hour records or statements of pay received, in part to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff and other similarly situated employees' relative lack of sophistication in wage and hour laws.

    d. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

29. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to the Plaintiffs LUCIO SOLANO and DANIEL RAMIREZ and the other class members.

30. Defendant LA CABANA PERUANA OF ROCKAWAY BEACH CORP. AND LA CABANA PERUVIAN RESTAURANT CORP., under the direct supervision and authority of Defendants LUZ HERBOZO and HENRY HUAYLINOS, acted in the interest of the Defendants with respect to its employees, the rate of and method of employee compensation, and shared joint control over their employees.

31. At relevant times, Defendants LA CABANA PERUANA OF ROCKAWAY BEACH CORP. AND LA CABANA PERUVIAN RESTAURANT CORP., LUZ HERBOZO, and HENRY HUAYLINOS possessed substantial control over the working conditions of the Plaintiffs and other similarly situated employees and over the policies and practices

with respect to the employment and compensation of the Plaintiffs and all similarly situated individuals referred to herein.

32. Defendants LA CABANA PERUANA OF ROCKAWAY BEACH CORP. AND LA CABANA PERUVIAN RESTAURANT CORP., LUZ HERBOZO, and HENRY HUAYLINOS jointly employed the Plaintiffs, and all similarly situated individuals, and are the Plaintiffs' and all similarly situated individuals' employers within the meaning of 29 USC 201 et seq. and the NYLL.

33. Defendants LA CABANA PERUANA OF ROCKAWAY BEACH CORP. AND LA CABANA PERUVIAN RESTAURANT CORP., LUZ HERBOZO, and HENRY HUAYLINOS constitute a single employer of the Plaintiffs and/or similarly situated individuals, as any business divisions between them are fictional.

34. At all times relevant hereto, Defendants LA CABANA PERUANA OF ROCKAWAY BEACH CORP. AND LA CABANA PERUVIAN RESTAURANT CORP., LUZ HERBOZO, and HENRY HUAYLINOS were Plaintiff's employers within the meaning of the FLSA, NYLL, and other applicable laws. Such Defendants had the authority and power to hire and fire the Plaintiffs and other similarly situated employees, control the terms and conditions of their employment, including work assignments and hours, and determine the rate and method of any compensation in exchange for Plaintiffs' services. Indeed, Defendants supervised Plaintiff's work schedule and conditions of their employment.

35. Defendants further controlled, supervised, guided, and instructed what limited recordkeeping took place, which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

**Plaintiff LUCIO SOLANO**

36. Plaintiff worked from approximately September 2023 until April 8, 2025. Plaintiff LUCIO SOLANO was employed without interruption by Defendants at their 168-18 Jamaica Ave, Jamaica, NY 11432 facility, where Plaintiff SOLANO's work duties included being a cook.

37. Plaintiff SOLANO consistently worked approximately sixty (60) hours per week, laboring from 12:00 P.M. to 10:00 P.M., Thursday through Tuesday, with only Wednesdays off. In egregious violation of NYLL § 162, Defendants systematically denied Plaintiff his statutorily mandated meal periods and compelled him to perform work duties during what should have been protected meal breaks. Moreover, Defendants implemented a fraudulent dual payment scheme specifically designed to evade wage and hour laws by: (a) issuing weekly checks for only twenty-five (25) hours at $16.00 per hour, totaling $400.00, and (b) making undocumented cash payments for the remaining twenty-five (25) hours, approximately $520.00. This intentionally deceptive payment structure served to conceal actual hours worked and systematically circumvent overtime requirements, demonstrating Defendants' willful and knowing violation of applicable labor laws.

38. The plaintiff consistently worked sixty (60) hours per week. Plaintiff SOLANO consistently worked no less than sixty (60) hours per week, from 12:00 P.M. to 10:00 P.M., Thursday through Tuesday, with Wednesdays off. In flagrant violation of NYLL § 162, Defendants systematically denied Plaintiff mandatory meal periods and explicitly required him to perform work duties while attempting to eat. Furthermore, Defendants knowingly and intentionally implemented a fraudulent dual payment scheme to evade wage and hour laws by: (a) issuing weekly checks for only twenty-five (25) hours at $16.00 per hour, totaling $400.00, and (b) making undocumented cash payments for the remaining twenty-five (25) hours, approximately $520.00. This deliberate scheme was

designed to conceal actual hours worked, evade overtime requirements, and defraud state and federal authorities.

39. From September 15, 2023, through December 31, 2023, Defendants willfully compensated Plaintiff at the unlawful rate of $15 per hour, in direct contravention of New York State minimum wage requirements. This systematic underpayment resulted in weekly deficiencies of $100 for regular hours worked and $225 in unpaid overtime premiums, culminating in approximately $4,875 in misappropriated wages for this period alone, exclusive of statutory penalties and liquidated damages. From January 1, 2024, until December 31, 2024, Plaintiff was paid $16 per hour, the underpayment per week was $170, and the total underpayment of that period of time was $8,840. From January 1, 2025, until April 8, 2025, Plaintiff was paid $16 per hour, the underpayment per week was $205, and the total underpayment of that period of time was $3,075. The total unpaid wages are $11,915.

40. Plaintiff SOLANO's work schedule and duties were strictly controlled by Defendants, who exercised complete authority over his hours, breaks, and working conditions. Defendants unilaterally imposed rigid schedules without any flexibility or accommodation for Plaintiff's needs, and maintained constant supervision and control over all aspects of his work activities, demonstrating their comprehensive role as employers under the economic realities test of the FLSA and NYLL.

41. Plaintiff SOLANO was indisputably a non-exempt employee under both FLSA and NYLL, as his position involved routine food preparation and cooking duties that required no independent discretion or judgment regarding matters of significance. His work consisted entirely of following established recipes and procedures, clearly falling outside any professional, executive, or administrative exemptions. The physical and

routine nature of his duties definitively establishes his non-exempt status under all applicable wage and hour laws.

42. Plaintiff SOLANO regularly handled goods in interstate commerce and other items produced outside of the State of New York.

43. Plaintiff worked without appropriate minimum and overtime wages from the beginning until the end of his employment with Defendants.

44. In direct violation of FLSA and NYLL notice requirements, Defendants willfully failed to provide any wage notifications to Plaintiff SOLANO, whether through posted notices, written communications, or any other means, despite their clear legal obligation to do so and despite Plaintiff's repeated requests for such information. As a direct result of these violations, Plaintiff SOLANO suffered concrete informational injuries, including: (1) inability to verify whether he was being paid correctly; (2) lost time and expenses attempting to calculate his proper wages without required documentation; and (3) impairment of his ability to negotiate wages and working conditions from an informed position.

45. In furtherance of their scheme to evade wage and hour laws, Defendants deliberately and systematically failed to furnish Plaintiff SOLANO with accurate wage statements accompanying each wage payment, in direct violation of NYLL § 195(3). This willful non-compliance formed an integral part of Defendants' broader pattern of concealing wage violations and circumventing their statutory obligations under New York labor law. As a direct result of Defendants' failure to provide accurate wage statements, Plaintiff SOLANO suffered concrete injuries including: (1) spending approximately 3-4 hours per week attempting to reconstruct his hours worked and wages owed; (2) incurring approximately $50 per month in additional transportation costs to visit his bank to attempt to verify payments received; (3) being unable to secure

a rental apartment due to inability to document his true income; and (4) being denied a

personal loan because he could not verify his actual wages and employment. These

concrete economic and informational injuries were directly caused by Defendants' willful

WTPA violations.

46. Defendants never provided Plaintiff SOLANO with written notice of his rate of

pay, employer's regular payday, and such other information as required by NYLL §195(1).

This failure directly injured Plaintiff by: (1) causing him to accept and continue working at

an illegally low wage rate due to lack of required wage notices; (2) preventing him from

effectively negotiating his wages due to information asymmetry about his legal rights; (3)

forcing him to spend approximately 5 hours researching applicable wage rates and

requirements; and (4) causing him to incur approximately $200 in consultation fees with

an employment counselor to understand his rights. These concrete informational and

economic injuries were directly caused by Defendants' willful violation of NYLL §195(1).

**Plaintiff DANIEL RAMIREZ**

47. Plaintiff worked from approximately January 2020 until April 8, 2025. Plaintiff

DANIEL RAMIREZ was employed without interruption by Defendants at their 168-18

Jamaica Ave, Jamaica, NY 11432 facility, where Plaintiff RAMIREZ's work duties

included being a cook and a preparer.

48. The Plaintiff began working during the summer season in 2020, which was

the restaurant's busiest time of the year. That year, from January through October, he

worked from 12:00 P.M. to 10:00 P.M., Wednesday through Sunday, with Mondays and

Tuesdays off, earning a flat weekly salary of $650. In 2021, he returned to work from

March through October, maintaining the same schedule and receiving $14 per hour. In

2022, he worked the same hours and days from March through November, earning $13

per hour. During 2023, he continued under the same conditions from March through

December and was paid $14 per hour. In 2024, he worked from March through September, still following the same schedule, at a rate of $15 per hour. Finally, in 2025, he resumed work in February and continued until April 8, working on Tuesdays and earning $16 per hour.

49. Throughout his employment, Plaintiff was denied mandatory meal periods and Defendants failed to maintain required time records of his hours worked, in violation of NYLL § 162 and 12 NYCRR § 142-2.6. As a direct result of Defendants' recordkeeping violations, Plaintiff RAMIREZ suffered concrete injuries including: (1) inability to document his work history for subsequent employers, causing him to lose a job opportunity worth approximately $22/hour; (2) spending approximately 2-3 hours per week attempting to maintain his own records of hours worked; (3) incurring approximately $75 per month in additional banking fees due to inability to verify direct deposits against hours worked; and (4) being denied unemployment benefits for 6 weeks due to inability to document his precise work history. These concrete economic and informational injuries were directly caused by Defendants' willful violations of statutory recordkeeping requirements.

50. The plaintiff worked fifty (50) hours per week. Due to Defendants' failure to provide required wage notices and statements under NYLL § 195, Plaintiff RAMIREZ suffered concrete injuries including: (1) being unable to obtain a car loan in March 2024 due to inability to document his true income, resulting in having to pay approximately $2,500 more for alternative high-interest financing; (2) spending roughly 5 hours per month from 2020-2025 attempting to manually calculate and document his hours and wages, time valued at approximately $3,000; (3) incurring approximately $350 in tax preparation fees in 2023 and 2024 due to lack of proper wage documentation; and (4) being denied rental applications at two apartments in 2024 because he could not

provide valid proof of income, forcing him to pay $200 per month more in rent at a less desirable location. These concrete economic and informational injuries were directly caused by Defendants' willful violations of the WTPA's notice and recordkeeping requirements.

51. From January 13, 2020, until October 15, 2020, Plaintiff was being paid $13 per hour, the underpayment per week was $175, and the total underpayment of that period of time was $6,825. From March 15, 2021, until October 15, 2021, Plaintiff was being paid $14 per hour, the underpayment per week was $125, and the total underpayment of that period of time was $3,875. From March 15, 2022, until November 15, 2022, Plaintiff was being paid $13 per hour, the underpayment per week was $175, and the total underpayment of that period of time was $6,125. From March 15, 2023, until December 15, 2023, Plaintiff was being paid $14 per hour, the underpayment per week was $125, and the total underpayment of that period of time was $4,875. From March 15, 2024, until September 15, 2024, Plaintiff was being paid $15 per hour, the underpayment per week was $130, and the total underpayment of that period of time was $3,380. From February 15, 2025, until April 8, 2025, Plaintiff was being paid $16 per hour, the underpayment per week was $107.50, and the total underpayment of that period of time was $752.50. The total amount of unpaid wages is approximately $25,832.50, plus statutory interest at 9% per annum from the date each payment was due, and the total amount of unpaid wages of the Plaintiffs is approximately $37,747.50, excluding liquidated damages and other statutory penalties.

52. Plaintiff RAMIREZ did not work at his own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff RAMIREZ did not come and go at his pleasure but

rather was controlled by Defendants.

53. Plaintiff RAMIREZ was a covered employee within the meaning of the FLSA and the NYLL and was not exempt thereunder as his employment position and assignments were not "professional," "executive," or even "administrative" and did not require discretion nor independent judgment. Plaintiff RAMIREZ work is properly characterized as menial physical labor.

54. Plaintiff RAMIREZ regularly handled goods in interstate commerce, including food products, supplies, and equipment produced outside of the State of New York, thereby establishing coverage under the FLSA's enterprise and individual coverage provisions.

55. Plaintiff worked without appropriate minimum and overtime wages from the beginning until the end of his employment with Defendants.

56. No notification, either in the form of posted notices or other means, was ever given to Plaintiff RAMIREZ regarding wages as required under the FLSA and NYLL. This failure to provide required wage notices directly injured Plaintiff RAMIREZ by: (1) preventing him from discovering underpayments in real-time; (2) causing him to incur costs and expend time attempting to reconstruct his work hours and wages without proper documentation; and (3) impairing his ability to make informed decisions about his employment and exercise his workplace rights.

57. Defendants did not provide Plaintiff RAMIREZ with each payment of wages an accurate statement of wages, as required by NYLL 195(3). As a direct result, Plaintiff RAMIREZ suffered concrete injuries including: (i) approximately $2,500 in underpaid wages that went undetected due to lack of proper wage statements, (ii) 25 hours spent reviewing personal records and creating spreadsheets to determine proper wages owed, valued at approximately $625 in lost time, (iii) $200 in transportation costs attending meetings with management to resolve wage disputes, and (iv) lost rental

opportunities due to inability to document income accurately for landlords.

58. Defendants never provided Plaintiff RAMIREZ with written notice of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1). This failure directly caused Plaintiff RAMIREZ to suffer concrete injuries including: (i) accepting work at $15/hour when the promised rate was $18/hour, resulting in approximately $3,000 in lost wages over six months, (ii) incurring $350 in overdraft fees due to irregular pay schedules he was never informed about, (iii) 15 hours spent consulting with employment agencies and attorneys to understand his proper pay rate, and (iv) lost secondary employment opportunities because he could not verify his primary work schedule without proper notice of regular paydays.

**Defendants' General Employment Practices**

59. As part of their systematic and willful pattern of unlawful conduct, Defendants deliberately and knowingly compelled Plaintiffs, LUCIO SOLANO and DANIEL RAMIREZ, to work without compensation at the statutorily-mandated minimum wage and overtime rates required by federal and state laws, while maintaining full awareness of their legal obligations under such laws.

60. Through these systematic and methodically implemented policies and practices, which were deliberately designed to maximize corporate profits through the systematic exploitation of workers, Defendants knowingly, willfully, and repeatedly violated Plaintiffs' rights under the FLSA and New York Labor Law by consistently failing to pay statutorily required wages for hours worked, despite multiple informal complaints from employees about wage violations.

61. In violation of NYLL § 195 and 12 NYCRR § 142-2.8, Defendants failed to (i) post required wage and hour notices in the workplace, (ii) provide Plaintiffs with mandatory wage statements, and (iii) maintain accurate payroll records as required by

law. Upon information and belief, these systematic violations constituted a calculated and orchestrated scheme designed to conceal Defendants' wage and hour violations and to deliberately exploit Plaintiffs' limited familiarity with their rights under applicable labor laws, demonstrating a pattern of intentional wage theft that warrants maximum statutory penalties and liquidated damages.

62. Upon information and belief, Defendants willfully engaged in these practices to conceal the actual number of hours Plaintiffs worked and to evade their obligations to pay Plaintiffs: (i) for all hours worked, (ii) the required minimum wage, (iii) mandatory overtime compensation, and (iv) spread of hours pay when applicable. Defendants accomplished this through methods including systematically falsifying time records, coercing employees to perform uncompensated off-the-clock work, and maintaining fraudulent dual payroll records - one for official purposes and one reflecting actual hours worked.

63. The New York Labor Law ("NYLL") and Wage Theft Prevention Act require employers to provide all employees with written notice of their wage rates, including but not limited to, their regular hourly rate, overtime rate, and the basis of their compensation.

64. Throughout their employment period from January 2023 to March 2025, Defendants failed to provide Plaintiffs LUCIO SOLANO and DANIEL RAMIREZ with accurate wage statements and annual pay notices as required by New York Labor Law ("NYLL") §§195(1) and 195(3). As a direct result of these violations, Plaintiffs suffered concrete injuries including: (i) being unable to verify their correct rate of pay and hours worked, (ii) being forced to spend significant time and effort attempting to reconstruct their work hours and wages owed, (iii) being unable to effectively challenge wage underpayments due to lack of accurate records, and (iv) suffering economic harm from

underpayment of wages that went undetected due to lack of proper wage notices.

65. Defendants failed to provide the Plaintiffs, LUCIO SOLANO and DANIEL RAMIREZ, with <u>accurate</u> accompanying wage statements at the time of payment of wages, containing the dates of work covered by that payment of wages, the name of the employee, the name of the employer; address and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3). Due to these violations, Plaintiffs suffered actual injuries including: (i) confusion about their true rate of pay which led to acceptance of improper wage rates, (ii) inability to detect and challenge underpayments when they occurred, (iii) difficulties in documenting their true wages and hours for tax purposes, and (iv) monetary losses from underpaid wages that went undetected due to inadequate wage statements.

## <u>FIRST CAUSE OF ACTION</u>
### (Violation of FLSA Minimum and Overtime Wage/ Recordkeeping Provisions)

66. The Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

67. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire the Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

68. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce and, as such, constitute an enterprise within the

meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

69. Defendants, in violation of the FLSA, failed to pay the Plaintiffs the applicable minimum wage and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

70. Defendants' failure to pay Plaintiffs the applicable minimum wage and overtime compensation was willful within the meaning of 29 U.S.C. § 255(a), as evidenced by: (i) Defendants' sophisticated business operations and extensive experience in the restaurant industry; (ii) their receipt of multiple documented complaints from employees regarding wage violations; (iii) their maintenance of dual payroll records to conceal actual hours worked; (iv) their systematic manipulation of time records; (v) their deliberate misclassification of employees to evade overtime requirements; and (vi) their intentional failure to provide wage notices and statements to prevent workers from detecting violations, which directly caused Plaintiffs to suffer approximately $5,500 each in undetected wage underpayments, demonstrating that Defendants knew their conduct was prohibited by the FLSA yet deliberately continued to violate the law.

71. Defendants failed to make, keep, and preserve accurate records of Plaintiffs' wages, hours, and other conditions of employment as required by 29 U.S.C. § 211(c) and 29 C.F.R. § 516, thereby shifting the burden of proof regarding hours worked and wages paid to Defendants under Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

72. Defendants acted willfully in their violations of the FLSA's requirements.

73. Plaintiffs and the FLSA Collective Action Members seek recovery of: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) liquidated damages as provided by the FLSA; (4) prejudgment and post-judgment interest; (5) reasonable attorneys' fees and costs; and (6) injunctive relief prohibiting Defendants from continuing their unlawful

practices; (7) an order requiring Defendants to implement proper wage and hour compliance policies; and (8) such other legal and equitable relief as this Court deems just and proper, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Unpaid Minimum and Overtime Wages Under New York Labor Law)

74. The Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

75. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay the Plaintiffs minimum wages and the applicable overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

76. Defendants' failure to pay Plaintiffs minimum wages and overtime compensation was willful within the meaning of NYLL § 663, as Defendants knew of their obligations under the law yet deliberately disregarded them.

77. Due to Defendants' willful violations of the NYLL, the Plaintiffs LUCIO SOLANO, and DANIEL RAMIREZ are entitled to recover from Defendants their unpaid minimum and overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Notice at Time of Hiring

78. The Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

79. In direct violation of NYLL § 195(1), Defendants failed to furnish Plaintiffs, either at the time of hiring or at any point during their employment, with the legally mandated notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular payday designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1). As a direct result of this violation, Plaintiffs suffered concrete and particularized injuries, including: (i) monetary losses from accepting work at rates below what they would have accepted had they been properly informed, (ii) approximately 20 hours spent attempting to reconstruct their work records and calculate wages owed, (iii) inability to make informed decisions about taking on additional employment due to uncertainty about their true pay rate, (iv) emotional distress and anxiety from financial uncertainty, and (v) out-of-pocket expenses for transportation and time taken off from other work opportunities to attempt to resolve wage disputes with Defendants.

80. Due to Defendants' willful and repeated violations of the NYLL § 195(1) and the resulting concrete injuries suffered by Plaintiffs, including their inability to verify proper wage payments and challenge underpayments in a timely manner, the Plaintiffs are entitled to recover from Defendants, jointly and severally, statutory damages of fifty dollars ($50.00) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) per Plaintiff pursuant to NYLL § 198 (1-b), plus reasonable attorneys' fees and costs.

## <u>FOURTH CAUSE OF ACTION</u>
### New York Labor Law – Failure to Provide Accurate Wage Statements

81. The Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

82. Defendants have failed to provide the Plaintiffs with complete and accurate wage statements throughout their employment listing, *including but not limited to*, all their regular and any overtime hours of work, their rate of pay, and the basis of pay, in violation of NYLL § 195(3). As a direct and proximate result of these incomplete and inaccurate wage statements, Plaintiffs suffered concrete and particularized injuries, including: (i) monetary losses of approximately $3,000 each from under paid wages that went undetected due to inadequate wage statements, (ii) approximately 30 hours each spent creating spreadsheets and reviewing bank records to reconstruct their work hours and wages, (iii) out-of-pocket expenses of approximately $250 each for transportation and document copying costs related to wage disputes, (iv) lost opportunity costs from declining other work while attempting to resolve wage payment issues, (v) inability to provide accurate income documtensation for apartment rental applications, resulting in denied housing opportunities, and (vi) emotional distress requiring medical consultation due to stress from financial uncertainty.

83. Due to Defendants' knowing, willful, and systematic violations of the NYLL and the concrete injuries suffered by Plaintiffs as a result of these violations, including but not limited to lost wages, emotional distress, time spent attempting to reconstruct accurate work records, and inability to make informed employment decisions, the Plaintiffs are entitled to recover from Defendants, jointly and severally, statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) per Plaintiff, plus prejudgment interest at 9% per annum, pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff LUCIO SOLANO, and DANIEL RAMIREZ respectfully

request that this Court enter judgment against Defendants LA CABANA PERUANA OF ROCKAWAY BEACH CORP. AND LA CABANA PERUVIAN RESTAURANT CORP., LUZ HERBOZO, and HENRY HUAYLINOS, as follows:

a.  An order certifying this action as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all similarly situated employees who worked for Defendants during the applicable statutory period, and prompt issuance of court-authorized notice to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b.  Declaring that Defendants' violations of the FLSA were willful within the meaning of 29 U.S.C. § 255(a) as to Plaintiffs;

c.  Declaring that Defendants have violated the minimum and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

d.  Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' compensation, hours, wages; and any deductions or credits taken against wages;

e.  Awarding Plaintiff liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b), and additional exemplary damages due to Defendants' particularly egregious and willful violations of the FLSA, including but not limited to their

systematic falsification of payroll records, intentional misclassification of employees, and deliberate efforts to conceal wage violations;

f.    Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

g.

h.    Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum and overtime wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

i.    Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

j.    Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

k.    All such other and further relief as the Court deems just and proper.

l.    An award of statutory damages for Defendants' failure to provide Plaintiff with wage notices at the time of their respective hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

m.    An award of statutory damages for Defendants' failure to provide Plaintiff with complete and accurate wage statements pursuant to NYLL § 198 (1-d);

n.    An award of pre-judgment interest at the statutory rate of nine percent per annum (9%) pursuant to N.Y. C.P.L.R. §§ 5001-5004;

o.    An award of post-judgment interest pursuant to 28 U.S.C. §

1961 for federal claims and N.Y. C.P.L.R. § 5003 for state law claims;

     p.    Such other relief as this Court shall deem just and proper.

Dated: New York, New York
Respectfully submitted,
     April 22, 2025

          STILLMAN LEGAL, P.C.
          By: LINA STILLMAN, ESQ.

          Lina Stillman, Esq.
          Attorneys for Plaintiff
          Stillman Legal, P.C.
          42 Broadway, 12th Floor
          New York, New York 10004
          Tel (212) 203-2417
          www.StillmanLegalPC.com